# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          1:14CV420
                                 )
CHARLES W. PLUMMER, et al.,      )
                                 )
          Defendants.            )
```

## MEMORANDUM OPINION AND ORDER[1]

This case comes before the Court on Plaintiff's Motion for Summary Judgment. (Docket Entry 24.) Plaintiff briefed the motion (see id.) and only Defendant Mechanics and Farmers Bank responded (see Docket Entries 25, 26). For the reasons that follow, Plaintiff's instant Motion is granted on Plaintiff's claim for unpaid federal income tax liabilities and to enforce the tax liens associated with Defendant Plummer's tax liabilities through the sale of Defendant Plummer's real property.

## BACKGROUND

This case stems from Plaintiff's unpaid federal income taxes from 1999 to 2011. (Docket Entry 1, ¶¶ 6-8.) In May of 1986, Defendant Plummer purchased 101 Ragsdale Court, Jamestown, North Carolina (the "Ragsdale Property"). (Docket Entry 24-4.) In June of 1986, Defendant Mechanics and Farmers Bank ("Defendant MFB")

---

[1] The parties consented to the disposition of this case by a United States Magistrate Judge under 28 U.S.C. § 636(c). (See Docket Entry 20.)

executed a deed of trust on the Ragsdale Property as security for a debt. (Docket Entry 16-1, ¶ 3; Docket Entry 16-2, ¶ 3; Docket Entry 18, ¶ 13.)[2] From 1999 to 2011, Defendant Plummer failed to pay all or portions of his assessed income taxes and accrued a debt totaling $1,888,831.98 through a combination of back taxes, late fees, penalties, and interest owed to the Internal Revenue Services ("IRS"). (Docket Entry 1, ¶ 8; Docket Entry 24-1; see also Docket Entry 24-2 (certified copies of Defendant Plummer's Certificates of Assessments, Payments, and Other Specified Matters).) As a result of Defendant Plummer's non-payment, Plaintiff, through the IRS, filed notices of federal-tax liens on the Ragsdale Property. (See Docket Entry 24-5.) Defendant State of North Carolina Department of Revenue also filed a lien on the Ragsdale Property in October of 2009 for unpaid state income taxes. (Docket Entry 8, ¶ 3; see also id. at 5, 6 (copies of the Certificate of Tax Liability for Defendant Plummer).)

Plaintiff filed its Complaint in May of 2014, seeking a judgment against Defendant Plummer for his tax liabilities and an order for the sale of the Ragsdale Property. (Docket Entry 1 at 8-

---

[2] Some confusion appears in the record regarding when Defendant MFB first recorded its interest in the Ragsdale Property. (Compare Docket Entry 16-1, ¶ 3 (listing June 1986 as the time Defendant MFB recorded its deed of trust), Docket Entry 16-2, ¶ 3 (same), and Docket Entry 25-2, ¶ 2 (same), with Docket Entry 26 at 3 (listing 2004 as the time Defendant MFB recorded its deed of trust).) Regardless of whether Defendant MFB filed the deed of trust in 1986 or 2004, Defendant MFB filed its interest before any other party.

9.)  After the course of discovery, Plaintiff sought leave to file a motion for summary judgment (Docket Entry 23), which the Court granted (Text Order dated May 11, 2015).  Plaintiff then filed the instant Motion.  (Docket Entry 24.)  Only Defendant MFB responded to the instant Motion.  (See Docket Entries dated May 13, 2015, to present.)  As part of that response, Defendant MFB submitted a stipulation between Plaintiff and Defendant MFB confirming that any forced sale of the Ragsdale Property would not terminate Defendant MFB's deed of trust.  (Docket Entry 25.)  Defendant MFB did not otherwise oppose the Motion.  (See Docket Entry 26 at 3-4.)

## ANALYSIS

The Court should grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  This standard requires more than a mere scintilla of evidence.  American Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009).  In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party.  Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc).  The party seeking summary judgment has the initial burden to show an absence of evidence to

3

support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). The opposing party then must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. <u>Anderson</u>, 477 U.S. at 248.

The Court will first address whether Defendant Plummer owes the assessed tax liabilities. If so, then the Court can determine whether it should order the sale of the Ragsdale Property. Finally, the Court will assess how such a sale would affect the interest of Defendant MFB.

As of May 16, 2014, Defendant Plummer owed Plaintiff $1,888,831.98 plus continuing interest and fees as required by 26 U.S.C. §§ 6601, 6621, and 6622. The United States Constitution authorizes Congress to set and collect taxes on income. U.S. Const. art. I, § 8 cl. 1; <u>see also</u> U.S. Const. amend. XVI (removing the apportionment requirement for taxes). Congress has codified this power at 26 U.S.C. § 1, et seq. For establishing a tax liability, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness-a presumption that can help the Government prove its case against a taxpayer in court." <u>United States v. Fior D'Italia, Inc.</u>, 536 U.S. 238, 242 (2002). Moreover, Plaintiff may rely on Certificates of Assessments, Payments, and Other Specified Matters to establish a prima facie case of tax liability. <u>United States v. Pomponio</u>, 635 F.2d 293, 296 (4th Cir. 1980).

4

In this case, Plaintiff has provided certified copies of Defendant Plummer's Certificates of Assessments, Payments, and Other Specified Matters containing the tax assessments. (See Docket Entry 24-2.) Such Certificates establish a prima facie case for Defendant Plummer's tax liability. See Pomponio, 635 F.2d at 296. In addition, Defendant Plummer admitted to owing the tax liabilities at issue. (Docket Entry 24-3 at 2.) Thus, no genuine dispute of material fact exists as to Defendant Plummer's liability or to the amount of his tax obligation.

As a result of Defendant Plummer's tax liabilities, the Court will order the sale of the Ragsdale Property. See 26 U.S.C. §§ 6321 (declaring that, if a party fails to pay any tax, or any amount attributable thereto, then the United States shall have a lien on all of said parties property - either real or personal); 7403 (authorizing the United States to enforce any tax lien through sale of an encumbered property). In other words, Defendant Plummer's tax liabilities provide Plaintiff with a lien on his property - including the Ragsdale Property - that Plaintiff may now enforce through a sale. Defendant Plummer has provided no basis for a contrary ruling. (See Docket Entries dated May 13, 2015, to present.) Accordingly, the Court will order the sale of the Ragsdale Property.

Finally, because different parties claim an interest in the Ragsdale Property, the Court must determine their relative

5

priority. "[P]riority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" United States v. McDermott, 507 U.S. 447, 449 (1993) (quoting United States v. New Britain, 347 U.S. 81, 85 (1954)). Under federal law, any judicially ordered sale of encumbered property "shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated." 28 U.S.C. § 2410(c). In that regard, under North Carolina law, the forced sale by a junior lienholder does not destroy a senior lien; rather, the buyer takes the property subject to any superior lien. Staunton Military Academ. v. Dockery, 244 N.C. 427, 430, 94 S.E.2d 354, 356-57 (1956).

Here, the parties do not dispute the priority of the interests. The record reveals that Defendant MFB filed its interest first. (See Docket Entry 16-1, ¶ 3; Docket Entry 16-2, ¶ 3; Docket Entry 25-2, ¶ 2.) Plaintiff's tax liens for the years 1995 to 2008 take second priority. Plaintiff filed liens from 1995 thru 2005 on November 10, 2005 (see Docket Entry 24-5 at 1), for 2006 thru 2007 on January 26, 2009 (see id. at 2); Plaintiff then refiled its liens from 1995 thru 2007 on February 2, 2009 (see id. at 3), and then Plaintiff filed its tax lien for 2008 on July 17, 2009 (see id. at 4). Defendant State of North Carolina Department

6

of Revenue filed its lien on October 14, 2009 - making it third for priority. (See Docket Entry 8 at 5-6.) Finally, Plaintiff filed its liens for 2009 on September 2, 2011 (see Docket Entry 24-5 at 6) and for 2011 on December 17, 2012 (see id. at 7). Because Defendant MFB's deed of trust has seniority over Plaintiff's federal tax liens, any purchaser shall take the Ragsdale Property subject to Defendant MFB's deed of trust. Additionally, the judicially ordered sale will terminate Defendant State of North Carolina Department of Revenue's junior lien. See Ellis v. United States, No. 1:04CV00453, 2005 WL 1719102, at *3 (M.D.N.C. July 22, 2005) (unpublished) (Beaty, J.) (quoting Merchants Bank & Trust Co. v. Watson, 187 N.C. 107, 112, 121 S.E. 181, 183 (1924)).

## CONCLUSION

Plaintiff has established Defendant Plummer's liability for his unpaid taxes, which gives rise to a lien on Defendant Plummer's property, including the Ragsdale Property. Plaintiff may enforce its tax lien by selling the Ragsdale Property in order to offset Plaintiff's tax liability. Finally, any such sale will be subject to Defendant MFB's preexisting deed of trust.

**IT IS THEREFORE ORDERED** that Defendant Plummer is indebted to Plaintiff for assessed and unpaid Federal income tax liabilities for the taxable years 1999 to 2011, inclusive, in the total amount of $1,888,831.98, as of May 16, 2014, plus further interest and statutory additions thereon as provided by law. Interest shall

7

accrue daily at the rate provided by 26 U.S.C. §§ 6601, 6621, and 6622, until paid in full.

**IT IS FURTHER ORDERED** that, pursuant to 26 U.S.C. § 6321, Plaintiff has valid Federal tax liens on all of Defendant Plummer's real and personal property, including the Ragsdale Property.

**IT IS FURTHER ORDERED** that Plaintiff may foreclose on the Ragsdale Property and sell it to offset Defendant Plummer's tax liabilities, with such subject to Defendant MFB's deed of trust.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 17, 2015